JS 44 (Rev. 12/12)
Cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
SVETLANA BLACKBURN

**DEFENDANTS**
ORACLE AMERICA, INC.

**(b)** County of Residence of First Listed Plaintiff  San Mateo
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    San Mateo
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
VELTON ZEGELMAN P.C.
525 W. Remington Dr, Ste 106
Sunnyvale CA 94087
(408) 505-7892

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| | | | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities Employment<br>☐ 446 Amer. w/Disabilities Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1391(c); 18 U.S.C. §1514A *et seq.*; 15 U.S.C. §78u-6 *et seq.*
Brief description of cause:
Sarbanes-Oxley Act; Dodd-Frank Wall Street Reform and Consumer Protection Act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

**IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)**
*(Place an "X" in One Box Only)*

(x) SAN FRANCISCO/OAKLAND    ( ) SAN JOSE    ( ) EUREKA

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a)**   **Plaintiffs-Defendants.**   Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**   For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**   Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**   The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**   This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.**   Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.**   Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.**   Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**   Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**   This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**   Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| SVETLANA BLACKBURN, an individual, | ) ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) ) ) | |
| ORACLE AMERICA, INC., a Delaware corporation, | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
ORACLE AMERICA, INC.
500 Oracle Parkway
Redwood Shores, CA 94065

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
VELTON ZEGELMAN P.C.
525 W. Remington Dr, Ste 106
Sunnyvale CA 94087

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                *Server's signature*

                                          _____
                                                *Printed name and title*

                                          _____
                                                *Server's address*

Additional information regarding attempted service, etc:

Daniel Velton, Esq. (SBN 267890)
VJ Chetty, Esq. (SBN 271778)
VELTON ZEGELMAN P.C.
525 W. Remington Drive, Suite 106
Sunnyvale, CA 94087
Telephone: (408) 505-7892
Fax: (408) 228-1930
dvelton@vzfirm.com
vchetty@vzfirm.com

Attorneys for Plaintiff
SVETLANA BLACKBURN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA BLACKBURN, an individual,<br><br>           Plaintiff,<br><br>           v.<br><br>ORACLE AMERICA, INC., a Delaware corporation,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) Violation of Whistleblower Protections under the Sarbanes-Oxley Act (18 U.S.C. § 1514A *et seq.*);**<br><br>**(2) Violation of Whistleblower Protections under the Dodd-Frank Wall Street Reform and Consumer Protection Act (15 U.S.C. § 78u-6 *et seq.*);**<br><br>**(3) Retaliation under California Labor Code § 1102.5;**<br><br>**(4) Wrongful Termination in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL (UNLIMITED CIVIL)** |

1

Plaintiff SVETLANA BLACKBURN (hereinafter "BLACKBURN" or "Plaintiff"), on behalf of herself, demanding trial by jury of all issues joined herein, alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff is, and at all times mentioned herein was, a resident of the County of San Mateo, California and was an employee of Defendants ORACLE AMERICA, INC. (hereinafter "Defendants" or "the company"). Defendants provide and manage network security products and services and employed Plaintiff until her termination on August 26, 2015.

2.     Plaintiff alleges on information and belief that Defendant is a corporation authorized to do business, employing individuals in and existing under the laws of the State of California with their principal place of business in San Mateo County at 500 Oracle Parkway, Redwood Shores, CA 94065.

3.     The jurisdiction of this Court over the subject matter of this action is predicated on 28 United States Code section 1331. This is a civil action arising under the Constitution, laws, or treaties of the United States. The jurisdiction of this Court over the subject matter of this action is further predicated on 28 United States Code section 1367, as all claims in this matter form part of the same case or controversy.

4.     Venue is proper in the Northern District because Defendants exist and operate in this district and Plaintiff resides in this district. Furthermore, all claims alleged herein arose in this District.

5.     Under 28 United States Code section 1391(c), Defendants are subject to this Court's personal jurisdiction with respect to this civil action because Defendants are authorized to transact business within the County of San Mateo, State of California. Defendants conduct and have conducted day-to-day commercial activities within the County of San Mateo. Thus, Defendants have engaged in substantial, continuous, and systematic activities within the County of San Mateo, State of California, providing for a fair and reasonable basis for the exercise of personal jurisdiction over both Defendants by this Court in this venue.

////

////

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

**INTRADISTRICT ASSIGNMENT**

6.      This action arises in San Mateo County as a substantial part of the events or omissions giving rise to the claims occurred in San Mateo County.

**PARTIES**

7.      Plaintiff is, and at all times mentioned herein was, a resident of the County of Santa Clara, California and was an employee of Defendants ORACLE AMERICA, INC. (hereinafter "Defendants" or "the company"). Defendants provide and manage network security products and services and employed Plaintiff until her termination on August 26, 2015.

8.      Plaintiff alleges on information and belief that Defendant is a corporation authorized to do business, employing individuals in and existing under the laws of the State of California with their principal place of business in San Mateo County at 500 Oracle Parkway, Redwood Shores, CA 94065.

**FACTUAL ALLEGATIONS**

9.      Plaintiff's tenure at ORACLE, where she worked as a Senior Finance Manager, North America SaaS/Cloud Revenue, came to an abrupt end because she resisted, refused to engage in and threatened to blow the whistle on accounting practices she reasonably believed to be unlawful. Upper management was trying (and trying to push her) to fit square data into round holes, in an effort to bolster ORACLE Cloud Services financial reports that would be paraded before company leadership as well as the investing public.

10.     An experienced CPA, auditor and finance professional, Plaintiff was well aware of Sarbanes-Oxley controls and directives to adhere to Generally Accepted Accounting Principles ("GAAP"). Mindful of these rules, Plaintiff diligently performed her duties and received a positive performance review in August 2015. The following month, however, her supervisors charted a course that veered from legal, ethical and company standards.

11.     Plaintiff's superiors instructed her to add millions of dollars in accruals to financial reports, with no concrete or foreseeable billing to support the numbers, an act that Plaintiff warned was improper and suspect accounting. She told her supervisor, "I will blow the whistle" if ordered to proceed further in this fashion.

12.     The data, she knew, would end up in SEC filings and be touted on earnings calls, used to paint a rosier picture than actually existed on the ground. Dollar amounts that might seem modest on their face would propagate through other data, influencing a host of statements on reports made to the investing public. Executives above her in the chain of command went ahead and added accruals on their own; once again, Plaintiff objected. She expressed serious misgivings about their plans for re-accruals as well. A supervisor instructed her to ignore the absent billings that she had pointed out, because his intention was to re-accrue. After confronting him about the dangers of a lack of billings, and the history of bad accruals that never resulted in billings, the supervisor told her that her statements were "irritating." In addition to supervisors, a fellow finance manager and the company's assistant controller were on notice of Plaintiff's concerns. As Plaintiff continued to resist and warn of the accounting improprieties, she became more of a roadblock than a team player who would blindly generate financial reports using improper bases in order to justify the bottom lines that her superiors demanded to see.

13.     Within weeks, on October 15, 2015, the company terminated Plaintiff's employment.

### **FIRST CAUSE OF ACTION**

**Retaliation under the Sarbanes-Oxley Act (18 U.S.C. § 1514A *et seq.*)**

**(Against all corporate Defendants)**

14.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs and incorporates the same by reference as though fully set forth herein.

15.     Plaintiff is an employee, and Defendant is an employer, within the meaning of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A *et seq.*

16.     Plaintiff engaged in activity that is legally protected under the Sarbanes-Oxley Act by reporting, resisting and refusing to engage in conduct that she reasonably believed violated or would violate the law and the Act's requirements.

17.     Defendants' conduct following the above-described protected activity, which culminated in Plaintiff's termination, constitutes unlawful retaliation under the Act. Pursuant to

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

18 United States Code section 1514A(b), Plaintiff on November 30, 2015 filed a timely complaint under the Sarbanes-Oxley Act with the Department of Labor's Occupational Safety and Health Administration, notifying the agency of Act violations and the facts and theories to support the violations. Plaintiff thus will have complied with the Sarbanes-Oxley administrative exhaustion requirement as the Department of Labor did not issue a final decision on the complaint within 180 days of the filing of the administrative claim, without any fault of Plaintiff, thereby entitling Plaintiff to file this action in federal court.

18. As a proximate result of the conduct of Defendants, Plaintiff has suffered and continues to suffer harm, including but not limited to, lost earnings and other employment benefits, loss of future employment benefits, including insurance and pension, loss of medical insurance, humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount to be proven at trial but exceeding the minimum jurisdictional limits of this Court.

19. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial.

20. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

21. Plaintiff requests relief as described below.

### SECOND CAUSE OF ACTION

**Retaliation under the Dodd-Frank Wall Street Reform and Consumer Protection Act (15 U.S.C. § 78u-6 *et seq.*)**

**(Against all corporate Defendants)**

22. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs and incorporates the same by reference as though fully set forth herein.

23. Plaintiff is an employee, and Defendant is an employer, within the meaning of the Dodd-Frank Wall Street Reform and Consumer Protection Act.

24. Plaintiff engaged in activity that is legally protected under the Dodd-Frank Wall Street Reform and Consumer Protection Act. Specifically, 15 United States Code section 78u-

6(h)(1)(A)(iii) provides that an employer may not discharge or otherwise discriminate against an individual who makes disclosures required or protected under the Sarbanes-Oxley Act. As alleged above, Plaintiff made disclosures that are protected under the Sarbanes-Oxley Act by reporting, resisting and refusing to engage in conduct that she reasonably believed violated or would violate the law, and the Act's requirements.

25.     Defendants' conduct following the above-described protected activity, which culminated in Plaintiff's termination, constitutes unlawful retaliation under the Act.

26.     As a proximate result of the conduct of Defendants, Plaintiff has suffered and continues to suffer harm, including but not limited to, lost earnings and other employment benefits, loss of future employment benefits, including insurance and pension, loss of medical insurance, humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount to be proven at trial but exceeding the minimum jurisdictional limits of this Court.

27.     In doing the acts herein alleged, Defendants acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial.

28.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

29.     Plaintiff requests relief as described below.

### THIRD CAUSE OF ACTION

**Retaliation (California Labor Code § 1102.5)**

**(Against all corporate Defendants)**

30.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs and incorporates the same by reference as though fully set forth herein.

31.     Defendants terminated Plaintiff on October 15, 2015 following Plaintiff's protected activity under California Labor Code section 1102.5; Plaintiff's protected activity included complaints about, resistance to and refusal to engage in suspected violations of the law, including violations of the Sarbanes-Oxley Act and the Dodd-Frank Wall Street Reform and Consumer Protection Act.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

32.     As a proximate result of the conduct of Defendants, Plaintiff has suffered and continues to suffer harm, including but not limited to, lost earnings and other employment benefits, loss of future employment benefits, including insurance and pension, loss of medical insurance, humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount to be proven at trial but exceeding the minimum jurisdictional limits of this Court.

33.     In doing the acts herein alleged, Defendants acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial.

34.     Plaintiff requests relief as described below.

## FOURTH CAUSE OF ACTION

### Wrongful Termination In Violation Of Public Policy

### (Against all corporate Defendants)

35.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs and incorporates the same by reference as though fully set forth herein.

36.     Plaintiff was terminated on October 15, 2015.

37.     Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, terminated Plaintiff because she engaged in protected activity under the Sarbanes-Oxley Act, the Dodd-Frank Wall Street Reform and Consumer Protection Act, and California Labor Code section 1102.5.

38.     Plaintiff's termination was in violation of public policy as set forth in the above-cited statutes.

39.     As a proximate result of Plaintiff's termination by Defendants, Plaintiff has suffered and continues to suffer harm, including but not limited to, lost earnings and other employment benefits, loss of future employment benefits, including insurance and pension, loss of medical insurance, humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount to be proven at trial but exceeding the minimum jurisdictional limits of this Court.

1   40.     In doing the acts herein alleged, Defendants acted with oppression, fraud, malice

2   and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive

3   damages in an amount according to proof at trial.

4   41.     Plaintiff requests relief as described below.

5   ### PRAYER FOR RELIEF

6   WHEREFORE, Plaintiff seeks relief from this Court in the following respects:

7   1.      For special and general damages according to proof;

8   2.      For punitive damages;

9   3.      For reinstatement or front pay in lieu thereof, according to proof;

10  4.      For double back pay on the second cause of action;

11  5.      For a permanent injunction prohibiting Defendants from retaliating against

12  employees who raise concerns or complaints about (or refuse to engage in) conduct they

13  reasonably believe to be unlawful or fraudulent under the Sarbanes-Oxley Act or the Dodd-

14  Frank Wall Street Reform and Consumer Protection Act;

15  6.      For costs of suit incurred herein;

16  7.      For attorney fees on causes of action where fees are available by law;

17  8.      For prejudgment and post-judgment interest as available by law; and

18  9.      For such other and further relief as this Court may deem just and proper.

19

20  Dated: June 1, 2016                                          Respectfully submitted,

21

22                                                              Daniel Velton
23                                                              Attorney for Plaintiff
                                                                SVETLANA BLACKBURN

24

25

26

27

28

8

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each cause of action on which she is entitled to a jury trial.


Dated:  June 1, 2016                                     Respectfully submitted,


                                                         Daniel Velton
                                                         Attorney for Plaintiff
                                                         SVETLANA BLACKBURN

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL