MICHAEL DELIKAT
(NY STATE BAR NO. MD1165)
*Appearing pro hac vice*
mdelikat@orrick.com
RENEE B. PHILLIPS
(NY STATE BAR NO. RP4456)
*Appearing pro hac vice*
rphillips@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
Telephone: +1-212-506-5000
Facsimile: +1-212-506-5151

KENNETH HERZINGER
(STATE BAR NO. 209688)
kherzinger@orrick.com
ERIN M. CONNELL
(STATE BAR NO. 223355)
econnell@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

Attorneys for Defendant
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA BLACKBURN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ORACLE AMERICA, INC.<br><br>　　　　　Defendant. | Case No. 3:16-cv-02925-EMC<br><br>**DEFENDANT ORACLE AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Oracle America, Inc. ("Defendant") hereby submits its Answer, including affirmative defenses, to the Plaintiff's Complaint. Defendant reserves herein its right to assert additional affirmative defenses that may appear and prove applicable during the course of this litigation.

## JURISDICTION AND VENUE

1. As to paragraph 1 of the Complaint, Defendant admits that Plaintiff, at one time, was an employee of Defendant. Defendant also admits that its products and services include providing and managing network security products. Defendant specifically denies that Plaintiff was terminated from employment on August 26, 2015. To the contrary, Plaintiff was terminated by Defendant on October 15, 2015. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph of the Complaint, and on that basis denies the remaining allegations contained therein.

2. As to paragraph 2 of the Complaint, Defendant admits the allegations contained therein and further states that it is a Delaware corporation.

3. As to paragraph 3 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over Plaintiff's claims. Except as so admitted, Defendant denies the remaining allegations therein.

4. As to paragraph 4 of the Complaint, Defendant admits that venue is proper in this judicial district. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph of the Complaint, and on that basis denies the remaining allegations contained therein.

5. As to paragraph 5 of the Complaint, Defendant is subject to this Court's personal jurisdiction with respect to Plaintiff's claims herein. Except as so admitted, Defendant denies the remaining allegations therein.

## INTRADISTRICT ASSIGNMENT

6. As to paragraph 6 of the Complaint, Defendant admits that the intradistrict assignment is proper in the San Francisco Division. Except as so admitted, Defendant denies the remaining allegations therein.

## PARTIES

7. As to paragraph 7 of the Complaint, Defendant admits that Plaintiff, at one time, was an employee of Defendant. Defendant also admits that its products and services include providing and managing network security products. Defendant specifically denies that Plaintiff was terminated from employment on August 26, 2015. To the contrary, Plaintiff was terminated by Defendant on October 15, 2015. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph of the Complaint, and on that basis denies the remaining allegations contained therein.

8. As to paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

## FACTUAL ALLEGATIONS

9. As to paragraph 9 of the Complaint, Defendant admits that Plaintiff was employed by Defendant as a Senior Finance Manager for North America SaaS/Cloud Revenue and that her employment ended. Except as so admitted, Defendant denies the remaining allegations contained therein.

10. As to paragraph 10 of the Complaint, Defendant admits that Plaintiff received a performance review in August 2015, the contents of which speaks for itself. Except as so admitted, Defendant denies the remaining allegations contained therein.

11. As to paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein. Defendant specifically denies that Plaintiff ever told her supervisor that she would "blow the whistle".

12. As to the narrative contained in paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein. Moreover, Paragraph 12 violates Fed. R. Civ. P. 8 which requires a short and plain statement.

13. As to paragraph 13 of the Complaint, Defendant admits that Plaintiff was terminated on October 15, 2015. Except as so admitted, Defendant denies the remaining allegations contained therein.

## FIRST CAUSE OF ACTION

**[Retaliation under the Sarbanes-Oxley Act (18 U.S.C. § 1514A *et seq.*)]**

14. As to paragraph 14 of the Complaint, Defendant incorporates herein by reference its responses to Paragraphs 1 through 13 of the Complaint.

15. As to paragraph 15 of the Complaint, the allegations set forth contain no factual contentions or assert only legal conclusions, and on that basis Defendant denies the allegations contained therein.

16. As to paragraph 16 of the Complaint, the allegations set forth contain no factual contentions or assert only legal conclusions, and on that basis Defendant denies the allegations contained therein. Defendant further denies that Plaintiff reported, resisted, or refused to engage in conduct that she reasonably believed violated or would violate the law and the Sarbanes-Oxley Act's requirements.

17. As to the narrative contained in paragraph 17 of the Complaint, Defendant denies that it committed unlawful retaliation as alleged in the first sentence of paragraph 17. With respect to the second and third sentences of paragraph 17, Defendant admits that on November 30, 2015, Plaintiff filed a complaint with the Department of Labor's Occupational Safety and Health Administration under the Sarbanes-Oxley Act and the Department of Labor did not issue a final decision on the complaint within 180 days of its filing. Except as so admitted, the allegations set forth contain no factual contentions or assert only legal conclusions, and on that basis Defendant denies the allegations contained therein. In addition, Paragraph 17 violates Fed. R. Civ. P. 8 which requires a short and plain statement.

18. As to paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. As to paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein.

20. As to paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph of the Complaint, and on that basis denies the allegations contained therein.

21. As to paragraph 21 of the Complaint, Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION

**[Retaliation under the Dodd-Frank Wall Street Reform and Consumer Protection Act (15 U.S.C. § 78u-6 *et seq.*)]**

22. As to paragraph 22 of the Complaint, Defendant incorporates herein by reference its responses to Paragraphs 1 through 21 of the Complaint.

23. As to paragraph 23 of the Complaint, the allegations set forth contain no factual contentions or assert only legal conclusions, and on that basis Defendant denies the allegations contained therein.

24. As to the narrative contained in paragraph 24 of the Complaint, Defendant denies the allegations contained therein. Further, the allegations set forth contain no factual contentions or assert only legal conclusions, and on that basis Defendant denies the allegations contained therein. In addition, Defendant specifically denies that Plaintiff made any disclosures that are protected under the Sarbanes-Oxley Act or the Dodd-Frank Act. Finally, Paragraph 24 violates Fed. R. Civ. P. 8 which requires a short and plain statement.

25. As to paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein. Further, the allegations set forth contain no factual contentions or assert only legal conclusions, and on that basis Defendant denies the allegations contained therein.

26. As to paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27. As to paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28. As to paragraph 28 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph of the Complaint, and on that basis denies the allegations contained therein.

29. As to paragraph 29 of the Complaint, Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

## THIRD CAUSE OF ACTION

### [Retaliation (California Labor Code § 1102.5)]

30. As to paragraph 30 of the Complaint, Defendant incorporates herein by reference its responses to Paragraphs 1 through 29 of the Complaint.

31. As to paragraph 31 of the Complaint, Defendant admits that it terminated Plaintiff's employment on October 15, 2015. Except as so admitted, Defendant denies the remaining allegations contained therein. Further, the allegations set forth contain no factual contentions or assert only legal conclusions, and on that basis Defendant denies the allegations contained therein.

32. As to paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

33. As to paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. As to paragraph 34 of the Complaint, Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

## FOURTH CAUSE OF ACTION

### [Wrongful Termination in Violation of Public Policy]

35. As to paragraph 35 of the Complaint, Defendant incorporates herein by reference its responses to Paragraphs 1 through 34 of the Complaint.

36. As to paragraph 36 of the Complaint, Defendant admits the allegations contained therein.

37. As to paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein. In addition, Defendant specifically denies that Plaintiff engaged in any protected activity under the Sarbanes-Oxley or Dodd-Frank Acts, or California Labor Code section 1102.5.

38. As to paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein. Further, the allegations set forth contain no factual contentions or assert only legal conclusions, and on that basis Defendant denies the allegations contained therein.

39. As to paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

40. As to paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. As to paragraph 41 of the Complaint, Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the Complaint and each of its purported causes of action. By setting forth the defenses below, Defendant does not assume the burden of proving any facts, issues or elements of a claim where such burden properly belongs to Plaintiff:

### First Affirmative Defense

The Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation to the extent they allege retaliation occurring more than 180 days prior to the date she filed an administrative complaint with the Occupational Safety and Health Administration ("OSHA").

### Third Affirmative Defense

Plaintiff's claims are barred for failure to exhaust administrative remedies to the extent she did not raise them before OSHA.

### Fourth Affirmative Defense

No conduct by or attributable to Defendant was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff.

### Fifth Affirmative Defense

Should it be determined that Plaintiff has been damaged, then said damages were proximately caused by her own conduct.

### Sixth Affirmative Defense

Recovery by Plaintiff is barred in whole or in part by her failure to exercise reasonable care and diligence to mitigate any damages she allegedly suffered.

### Seventh Affirmative Defense

The alleged actions complained of were not based upon a retaliatory reason, but were based upon legitimate, non-discriminatory, job-related reasons, including Plaintiff's ongoing performance issues and failure to address same.

### Eighth Affirmative Defense

Recovery by the Plaintiff is barred in whole or in part by the doctrines of i*n pari delicto* and/or unclean hands, including her improper conduct while employed by Oracle America, Inc., and her choice to file false and scurrilous allegations in this case.

### Ninth Affirmative Defense

Plaintiff fails to state facts sufficient to support an award of punitive or liquidated damages. Moreover, to the extent that Plaintiff seeks an award of punitive or liquidated damages under the Sarbanes-Oxley Act or the Dodd-Frank Act, such damages are not available under the Sarbanes-Oxley Act or the Dodd-Frank Act.

### Tenth Affirmative Defense

Plaintiff fails to state facts sufficient to support an award of compensatory, special, or consequential damages, or equitable relief.

### Eleventh Affirmative Defense

Plaintiff was not a "whistleblower" under the Dodd-Frank Act, 15 U.S.C. § 78u-6(h) ("DFA") because she did not make a report "to the Commission" as required by the language of the DFA.

### Twelfth Affirmative Defense

Even if it is determined that an alleged retaliatory reason motivated any of the purported adverse employment actions alleged by Plaintiff, which Defendant denies and continues to deny, Defendant would have, in any event, taken the same actions based upon other legitimate, non-retaliatory reasons standing alone and in the absence of the alleged retaliatory reason.

### Thirteenth Affirmative Defense

Defendant denies the allegations contained in the Complaint, but, if such purported conduct is found to have occurred, Defendant alleges that the conduct was consented and/or acquiesced to by Plaintiff.

### Fourteenth Affirmative Defense

Plaintiff failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to the extent that Plaintiff failed to use ordinary care and diligence in the performance of her duties, failed to substantially comply with the reasonable directions of her employer, and failed to exercise a reasonable degree of skill in performing his job duties.

### Fifteenth Affirmative Defense

Defendant treated Plaintiff fairly and in good faith, and all actions taken with respect to Plaintiff were taken for lawful business reasons and in good faith.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred because of the at-will nature of Plaintiff's employment.

### Seventeenth Affirmative Defense

Defendant has insufficient knowledge or information on which to form a belief as to whether it has any additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates it would be appropriate.

**DEFENDANT'S PRAYER FOR RELIEF**

Defendant prays that the Court grant the following relief:

1. That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2. That judgment be entered in favor of Defendant on all claims;

3. That Defendant be awarded its costs of suit; and

4. For such other and further relief as this Court may deem proper.

Dated: August 9, 2016

MICHAEL DELIKAT
Orrick, Herrington & Sutcliffe LLP

By: /s/Michael Delikat
MICHAEL DELIKAT
Attorneys for Defendant
ORACLE AMERICA, INC.