Daniel Velton (SBN 267890)
VJ Chetty (SBN 271778)
VELTON ZEGELMAN P.C.
525 W. Remington Drive, Suite 106
Sunnyvale, CA 94087
Telephone: (408) 505-7892
Fax: (408) 228-1930
dvelton@vzfirm.com
vchetty@vzfirm.com

Attorneys for Plaintiff
SVETLANA BLACKBURN

Michael Delikat (NY State Bar No. MD1165)
*Appearing pro hac vice*
mdelikat@orrick.com
Renee B. Phillips (NY State Bar No. RP4456)
*Appearing pro hac vice*
rphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
Telephone: (212) 506-5000
Fax: (212) 506-5151

Kenneth Herzinger (SBN 209688)
kherzinger@orrick.com
Erin M. Connell (SBN 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
Fax: (415) 773-5759

Attorneys for Defendants
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA BLACKBURN, | Case Number: 3:16-CV-02925-EMC |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |
| v. | Date: September 8, 2016 |
| ORACLE AMERICA, INC., | Time: 9:30 am Dept.: Courtroom 5 |
| Defendant. | Hon. Edward M. Chen |

JOINT CASE MANAGEMENT STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California, revised November 1, 2014 and Civil Local Rule 16-9.

## 1. <u>Jurisdiction & Service</u>

The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. sections 1331 and 1367. No issues exist regarding in personam jurisdiction or venue. All Defendants have been timely served.

## 2. <u>Facts</u>

### A. Plaintiff's Statement of Facts

Plaintiff worked as a Senior Finance Manager for ORACLE in the company's North America Saas/Cloud Revenue division. As an experienced CPA, auditor, and finance professional, Plaintiff was informed and aware of the controls and directives promulgated by Sarbanes-Oxley and Generally Accepted Accounting Principles ("GAAP"). During the course of her employment, Plaintiff's superiors instructed her to add millions of dollars in accruals to financial reports without concrete or foreseeable billing to support those numbers. Plaintiff repeatedly advised that the practice was improper and told her supervisor she would blow the whistle if she was ordered to continue the practice. Despite Plaintiff's objections, her superiors continued to add accruals on their own. Plaintiff continued to resist and warn her superiors of the impropriety of the practice, as she knew that the data would end up in reports and releases relied upon by the investing public. On October 15, 2015, within weeks of her resistance and warnings regarding the company's improprieties, the company terminated Plaintiff.

Principal factual issues in dispute include:

1) Whether Defendant knowingly circumvented internal controls with respect to its Cloud business;

2) Whether Defendant made material misrepresentations to the investing public about its Cloud business;

JOINT CASE MANAGEMENT STATEMENT

3) Whether Defendant violated Generally Accepted Accounting Principles (GAAP) with respect to its Cloud business;

4) Whether Plaintiff's complaints about, resistance to and refusal to engage in reasonably suspected violations of the Sarbanes-Oxley Act were a contributing factor in her termination;

5) Whether Defendant's stated reasons for termination were pretextual.

**B. Defendant's Statement of Facts**

On September 2, 2014, Plaintiff was hired by Oracle as a Senior Finance Manager, NA Saas (Software as a Service).  In her role, Plaintiff was responsible for forecasting Cloud Saas revenue for North America.  Plaintiff made repeated, serious revenue forecasting errors for the first quarter of fiscal 2016 (which covered June 1, 2015 through August 31, 2015), and she refused to accept responsibility for them.  These errors were caused by her lack of comprehensive review, her failure to supervise her direct reports, her failure to cross reference facts and assumptions with other team members and business contacts, and her failure to take necessary action on information being provided.  These were fundamental requirements of Ms. Blackburn's position as a Senior Finance Manager, and she failed to meet them.  As a result of these errors, Plaintiff's managers lost confidence in her ability to effectively perform her job and generate accurate forecasts that Oracle could rely on.  Defendant terminated Plaintiff's at-will employment on October 15, 2015.

Plaintiff never engaged in any protected activity under any of the theories alleged in her Complaint.  Plaintiff never stated that she would "blow the whistle" or made any statements that any accruals violated applicable securities laws or regulations or amounted to shareholder fraud.  Contrary to her allegation that there was "no concrete or foreseeable billing" to support the accruals, Plaintiff was well aware of the support for the accruals and even prepared and submitted the documentation for the first set of accruals that were made.  As to the second set of accruals submitted by her former manager, Plaintiff reviewed the supporting documentation and stated that there was "sufficient support to track actuals" (referring to actual revenue coming in).

JOINT CASE MANAGEMENT STATEMENT

Finally, Plaintiff inquired about the possibility of re-accruals because she was concerned that the potential reversal of accruals from the prior quarter would undermine her forecast for the following quarter.   Moreover, at the time Plaintiff inquired about a possible re-accrual, Defendant had already decided to terminate her employment.   Therefore, any alleged objections to possible re-accruals (which she never made) could not have been a contributing factor in Defendant's termination decision.

Principal factual issues in dispute:

1.   Whether Plaintiff's termination resulted from her errors in forecasting.

2.   Whether Plaintiff's termination was a result of her failure to take responsibility for her forecasting errors.

3.   Whether Plaintiff ever complained to anyone at Oracle that the accruals or alleged reaccruals violated any law, rule, or regulation enumerated in section 1514A of the Sarbanes-Oxley Act.

### 3.  Legal Issues

Principal legal issues in dispute include:

1)   Whether Defendant retaliated against Plaintiff for engaging in protected activity under the Sarbanes-Oxley Act, 18 U.S.C. §1514A *et seq.*;

2)   Whether Plaintiff is a covered "whistleblower" under the anti-retaliation provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. §78u-6 *et seq.*;

3)   Whether Defendant retaliated against Plaintiff for engaging in protected activity under the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. §78u-6 *et seq.*;

4)   Whether Plaintiff retaliated against Plaintiff in response to protected activity, in violation of California Labor Code section 1102.5(a)-(c); and

5)   Whether Defendant's termination of Plaintiff constitutes wrongful termination in violation of public policy.

### 4.  Motions

JOINT CASE MANAGEMENT STATEMENT

Defendant filed a motion to relate cases on July 18, 2016.  The unopposed motion was granted on July 22, 2016.  The parties anticipate that the scope of discovery in this case will necessitate a protective order.  Defendant anticipates the filing of a motion for summary judgment upon conclusion of discovery.

## 5. __Amendment of Pleadings__

Plaintiff does not anticipate any amendment of pleadings at this time.  Although at this time Defendant does not expect to amend its Answer, Defendant reserves the right to assert additional defenses in the event discovery indicates it would be appropriate.

## 6. __Evidence Preservation__

Plaintiff has retained all evidence related to this matter in her possession, custody or control.  Defendant certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and confirms that the parties have met and conferred pursuant to Rule 26(f) to discuss preservation of ESI and other evidence relevant to the issues. Defendant confirms that it has taken appropriate evidence preservation measures.

## 7. __Disclosures__

The parties anticipate that their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(f) will be completed by no later than August 31, 2016.

## 8. __Discovery__

A. Plaintiff: On August 11, 2016, Plaintiff served discovery requests on Defendant Oracle America, Inc., including Special Interrogatories-Set One and Request for Production of Documents-Set One. Plaintiff intends to take the depositions of individual employees of Defendant, as well as the person most knowledgeable as to the policies and practices of Defendant Oracle America, Inc., pursuant to Federal Rule of Civil Procedure 30(b)(6).

B. Defendant: Defendant has not yet served written discovery on Plaintiff.  Defendant plans to take the deposition of Plaintiff.  The parties will attempt to enter into a stipulated e-discovery order.  The parties also anticipate the filing of a Protective Order.

JOINT CASE MANAGEMENT STATEMENT

**9.  <u>Class Actions</u>**

This case is not a class action.

**10.  <u>Related Cases</u>**

On July 22, 2016, this Court granted Defendant's unopposed Motion to Relate this case to Case Number 16-cv-02966-EMC, entitled *Klarfeld v. Oracle Corporation*.  In addition, this Court held that case Number 16-cv-3583-JSC, entitled *Tomassini v. Oracle, et al.* should be related (Docket Document Number 16).  According to the Court's docket, both of those cases have been voluntarily dismissed without prejudice.

**11.  <u>Relief</u>**

Plaintiff seeks special and general damages according to proof, punitive damages, for reinstatement or front pay in lieu thereof according to proof, for double back pay for Plaintiff's second cause of action, for a permanent injunction prohibiting Defendant from retaliating against employees who raise concerns or complaints about (or refuse to engage in) conduct they reasonably believe to be unlawful or fraudulent under the Sarbanes-Oxley Act or the Dodd-Frank Wall Street Reform and Consumer Protection Act, for costs of suit incurred herein, for attorneys' fees on causes of action where fees are available by law, for prejudgment and post-judgment interest as available by law; and for such other and further relief as this Court may deem just and proper.

Defendant states that it treated Plaintiff lawfully at all times and denies that Plaintiff is entitled to any relief whatsoever.

JOINT CASE MANAGEMENT STATEMENT

### 12.  Settlement and ADR

The parties have agreed to complete private mediation by October 31, 2016.

### 13.  Consent to Magistrate Judge for All Purposes

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes _x_ No

### 14.  Other References

The parties do not believe that any references are appropriate at this time.

### 15.  Narrowing of Issues

The parties do not believe there are any issues that can be narrowed at this time.

### 16.  Expedited Trial Procedure

The parties agree that this case cannot be handled on an expedited basis with streamlined procedures.

### 17.  Scheduling

The parties propose the following dates:

| | |
|---|---|
| Cut-off for non-expert Discovery: | 120 days before trial |
| Designation of Experts: | 120 days before trial |
| Cut-off for Expert Discovery: | 30 days before trial |
| Last day to file Dispositive Motions: | 90 days before trial |
| Hearing of Dispositive Motions: | 45 days before trial |
| Pre-trial Hearing: | 7-10 days before trial |

JOINT CASE MANAGEMENT STATEMENT

Trial Date:                                    To be determined

## 18.  Trial

Plaintiff requests a jury trial.  The expected length of trial by is 10-15 days.  Defendant does not concede that a jury trial is available for Plaintiff's Dodd-Frank cause of action.

## 19.  Disclosure of Non-party Interested Entities or Persons

Plaintiff is unaware at the time of the filing of this statement whether any persons, firms, corporations, or other entities have either a financial interest in the subject matter or controversy or in a party to the proceeding or any other kind of interest that could substantially affect the outcome of this proceeding. Plaintiff filed a "Certification of Interested Entities" as required by Civil Local Rule 3-16 and Federal Rule of Civil Procedure 7.1 on August 11, 2016 (Docket Document Number 21).

Defendant certifies that it has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15.  In addition, Defendant restates its certification below:

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Oracle Corporation

2. Oracle America, Inc.

## 20.  Professional Conduct

Counsel for Plaintiff and Defendant have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. Other

The parties do not believe that there are any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter at this time.

JOINT CASE MANAGEMENT STATEMENT

1

2   Dated: August 24, 2016          VELTON ZEGELMAN P.C.

3

4                                   Daniel Velton, Esq.

5                                   Attorneys for Plaintiff SVETLANA

6                                   BLACKBURN

7

8                                   ORRICK, SUTCLIFFE & HERRINGTON

9   Dated: August 24, 2016          /s/ Michael Delikat

10                                  Kenneth Herzinger

11                                  Michael Delikat

12                                  Renee B. Phillips

13                                  Erin M. Connell

14                                  Counsel for Defendant ORACLE AMERICA,

15                                  INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Page **9** of 10

JOINT CASE MANAGEMENT STATEMENT

<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES JUDGE

JOINT CASE MANAGEMENT STATEMENT