Daniel Velton (SBN 267890)
VJ Chetty (SBN 271778)
VELTON ZEGELMAN P.C.
525 W. Remington Drive, Suite 106
Sunnyvale, CA 94087
Telephone: (408) 505-7892
Fax: (408) 228-1930
dvelton@vzfirm.com
vchetty@vzfirm.com

Attorneys for Plaintiff
SVETLANA BLACKBURN

Michael Delikat (NY State Bar No. MD1165)
*Appearing pro hac vice*
mdelikat@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
Telephone: (212) 506-5000
Fax: (212) 506-5151

Kenneth Herzinger (SBN 209688)
kherzinger@orrick.com
Jasmine M. Owens (SBN 284914)
jowens@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
Fax: (415) 773-5759

Attorneys for Defendants
ORACLE AMERICA, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA BLACKBURN,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE AMERICA, INC.<br><br>Defendant. | Case No. 3:16-cv-02925-EMC<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: February 9, 2017<br>Time: 10:30 am<br>Dept.: Courtroom 5<br>Hon. Edward M. Chen |

OHSUSA:766370261.1

The parties to the above-entitled action jointly submit this FURTHER JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California, revised January 17, 2017 and Civil Local Rule 16-9.

## 1. <u>Jurisdiction & Service</u>

The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. sections 1331 and 1367. No issues exist regarding in personam jurisdiction or venue. All Defendants have been timely served.

## 2. <u>Facts</u>

### A. Plaintiff's Statement of Facts

Plaintiff worked as a Senior Finance Manager for ORACLE in the company's North America Saas/Cloud Revenue division. As an experienced CPA, auditor, and finance professional, Plaintiff was informed and aware of the controls and directives promulgated by Sarbanes-Oxley and Generally Accepted Accounting Principles ("GAAP"). During the course of her employment, Plaintiff's superiors instructed her to add millions of dollars in accruals to financial reports without concrete or foreseeable billing to support those numbers. Plaintiff repeatedly advised that the practice was improper and told her supervisor she would blow the whistle if she was ordered to continue the practice. Despite Plaintiff's objections, her superiors continued to add accruals on their own. Plaintiff continued to resist and warn her superiors of the impropriety of the practice, as she knew that the data would end up in reports and releases relied upon by the investing public. On October 15, 2015, within weeks of her resistance and warnings regarding the company's improprieties, the company terminated Plaintiff.

Principal factual issues in dispute include:

1) Whether Defendant knowingly circumvented internal controls with respect to its Cloud business;

2) Whether Defendant made material misrepresentations to the investing public about its Cloud business;

3) Whether Defendant violated Generally Accepted Accounting Principles (GAAP) with respect to its Cloud business;

OHSUSA:766370261.1

4)   Whether Plaintiff's complaints about, resistance to and refusal to engage in reasonably suspected violations of the Sarbanes-Oxley Act were a contributing factor in her termination;

5)   Whether Defendant's stated reasons for termination were pretextual.

**B. Defendant's Statement of Facts**

On September 2, 2014, Plaintiff was hired by Oracle as a Senior Finance Manager, NA SaaS (Software as a Service).  In her role, Plaintiff was responsible for forecasting a portion of Cloud SaaS revenue for North America.  Plaintiff made revenue forecasting errors for the first quarter of fiscal 2016 (which covered June 1, 2015 through August 31, 2015), and she refused to accept responsibility for them.  These errors were caused by her lack of comprehensive review, her failure to supervise her direct reports, her failure to cross reference facts and assumptions with other team members and business contacts, and her failure to take necessary action on information being provided.  These were fundamental requirements of Ms. Blackburn's position as a Senior Finance Manager, and she failed to meet them.  As a result of these errors, Plaintiff's managers lost confidence in her ability to effectively perform her job as a manager and generate accurate forecasts.  Defendant terminated Plaintiff's at-will employment on October 15, 2015.

Plaintiff never engaged in any protected activity under any of the theories alleged in her Complaint.  Plaintiff never stated that she would "blow the whistle" or made any statements that any accruals violated applicable securities laws or regulations or amounted to shareholder fraud.  Contrary to her allegation that there was "no concrete or foreseeable billing" to support the accruals, Plaintiff was well aware of the support for the accruals and even prepared and submitted the documentation for the first set of accruals that were made.  As to the second set of accruals submitted by her former manager, Plaintiff reviewed the supporting documentation after the fact and stated that there was "sufficient support to track actuals" (referring to actual revenue coming in).

Finally, Plaintiff inquired about the possibility of re-accruals because she was concerned that the potential reversal of accruals from the prior quarter would undermine her forecast for the following quarter.  Moreover, at the time Plaintiff inquired about a possible re-accrual, Defendant

1    had already decided to terminate her employment.  Therefore, any alleged objections to possible

2    re-accruals (which she never made) could not have been a contributing factor in Defendant's

3    termination decision.

### 3.  Legal Issues

5         Principal legal issues in dispute include:

6    1)    Whether Defendant retaliated against Plaintiff for engaging in protected activity under

7          the Sarbanes-Oxley Act, 18 U.S.C. §1514A *et seq.*;

8    2)    Whether Plaintiff is a covered "whistleblower" under the anti-retaliation provisions of

9          the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. §78u-6

10         *et seq.*;

11   3)    Whether Defendant retaliated against Plaintiff for engaging in protected activity under

12         the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. §78u-6

13         *et seq.*;

14   4)    Whether Plaintiff made a complaint to anyone with authority over her that Oracle was

15         in violation of a state or federal statute or to anyone responsible for correcting

16         violations of a state or federal statute , as set forth in California Labor Code section

17         1102.5(a)-(c); and

18   5)    Whether Defendant's termination of Plaintiff constitutes wrongful termination in

19         violation of public policy.

### 4.  Motions

21        Defendant filed a motion to relate cases on July 18, 2016.  The unopposed motion was

22   granted on July 22, 2016.   On November 28, 2016 the parties filed a Stipulated Protective Order

23   and Stipulated Rule 502(d) Order.  *See* Dkt. 37, 38.  The Court entered the Stipulated Protective

24   Rule 502(d) Orders on November 29, 2016.  *See* Dkt. 39, 40.

25        Defendant anticipates the filing of a motion for summary judgment upon conclusion of

26   discovery.

27

28

1

**5. <u>Amendment of Pleadings</u>**

Plaintiff does not anticipate any amendment of pleadings at this time. Although at this time Defendant does not expect to amend its Answer, Defendant reserves the right to assert additional defenses in the event discovery indicates it would be appropriate.

**6. <u>Evidence Preservation</u>**

Plaintiff has retained all evidence related to this matter in her possession, custody or control. Defendant certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and confirms that the parties have met and conferred pursuant to Rule 26(f) to discuss preservation of ESI and other evidence relevant to the issues. Defendant confirms that it has taken appropriate evidence preservation measures.

**7. <u>Disclosures</u>**

The parties exchanged Initial Disclosures pursuant to Rule 23(f) on September 1, 2016.

**8. <u>Discovery</u>**

**A. Plaintiff:**

On August 11, 2016, Plaintiff served discovery requests on Defendant Oracle America, Inc., including Special Interrogatories-Set One and Request for Production of Documents-Set One. Plaintiff intends to take the depositions of individual employees of Defendant, as well as the person most knowledgeable as to the policies and practices of Defendant Oracle America, Inc., pursuant to Federal Rule of Civil Procedure 30(b)(6).

**B. Defendant:**

Pursuant to the Court's November 14, 2016 Pretrial Order regarding a limited discovery phase prior to the February 4 Status Conference, the parties met and conferred and agreed on a narrowed scope of discovery during this limited phase. With these agreed-upon limitations, Defendant responded in part to Plaintiff's Special Interrogatories and Request for Production of Documents on November 11, 2016. Defendant produced documents responsive to a number of Plaintiff's discovery requests on November 30, 2016; December 7, 2016; and February 1, 2017. On November 30, 2016 Defendant served Request for Production of Documents-Set One. Defendant took the deposition of Plaintiff Svetlana Blackburn on December 14, 2016.

**9.  Class Actions**

This case is not a class action.

**10.  Related Cases**

On July 22, 2016, this Court granted Defendant's unopposed Motion to Relate this case to Case Number 16-cv-02966-EMC, entitled *Klarfeld v. Oracle Corporation*.  In addition, this Court held that case Number 16-cv-3583-JSC, entitled *Tomassini v. Oracle, et al.* should be related (Docket Document Number 16).  According to the Court's docket, both of those cases have been voluntarily dismissed without prejudice.

**11.  Relief**

Plaintiff seeks special and general damages according to proof, punitive damages, for reinstatement or front pay in lieu thereof according to proof, for double back pay for Plaintiff's second cause of action, for a permanent injunction prohibiting Defendant from retaliating against employees who raise concerns or complaints about (or refuse to engage in) conduct they reasonably believe to be unlawful or fraudulent under the Sarbanes-Oxley Act or the Dodd-Frank Wall Street Reform and Consumer Protection Act, for costs of suit incurred herein, for attorneys' fees on causes of action where fees are available by law, for prejudgment and post-judgment interest as available by law; and for such other and further relief as this Court may deem just and proper.

Defendant states that it treated Plaintiff lawfully at all times and denies that Plaintiff is entitled to any relief whatsoever.

**12.  Settlement and ADR**

The parties attended an all-day mediation with Mediator Michael E. Dickstein on October 26, 2016 in Los Angeles, CA.  The parties were unable to come to a settlement agreement.  Pursuant to the Court's November 14, 2016 Pretrial Order the parties are attempting to engage in further ADR discussions.

**13.  Consent to Magistrate Judge for All Purposes**

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes _x__ No

**14.  Other References**

The parties do not believe that any references are appropriate at this time.

### 15.  Narrowing of Issues

The parties do not believe there are any issues that can be narrowed at this time.

### 16.  Expedited Trial Procedure

The parties agree that this case cannot be handled on an expedited basis with streamlined procedures.

### 17.  Scheduling

The Court entered the Case Management and Pretrial Order for Jury Trial on November 14, 2016.  *See* Dkt. 36.  The Case Management and Pretrial Order for Jury Trial sets for the following dates:

1. TRIAL DATE:                                            12/14/2017
2. FINAL PRETRIAL CONFERENCE:                            11/7/2017
3. DISPOSITIVE MOTIONS (*last day to be heard*):        8/24/2017
4. NON-EXPERT DISCOVERY CUT-OFF:                        6/1/2017
5. OPENING EXPERT REPORTS:                               6/1/2017
6. REBUTTAL EXPERT REPORTS:                              6/22/2017
7. EXPERT DISCOVERY CUT-OFF:                             7/13/2017

### 18.  Trial

The action is scheduled for a ten (10) day jury trial for December 14, 2017 at 8:30 a.m. Defendant does not concede that a jury trial is available for Plaintiff's Dodd-Frank cause of action.

### 19.  Disclosure of Non-party Interested Entities or Persons

Plaintiff is unaware at the time of the filing of this statement whether any persons, firms, corporations, or other entities have either a financial interest in the subject matter or controversy or in a party to the proceeding or any other kind of interest that could substantially affect the outcome of this proceeding. Plaintiff filed a "Certification of Interested Entities" as required by Civil Local Rule 3-16 and Federal Rule of Civil Procedure 7.1 on August 11, 2016 (Docket Document Number 21).

1    Defendant certifies that it has filed the Certification of Interested Entities or Persons

2    required by Civil Local Rule 3-15.  In addition, Defendant restates its certification below:

3    Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations

4    of persons, firms, partnerships, corporations (including parent corporations) or other entities (i)

5    have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii)

6    have a non-financial interest in that subject matter or in a party that could be substantially affected

7    by the outcome of this proceeding:

8    1. Oracle Corporation

9    2. Oracle America, Inc.

10   ### 20.  Professional Conduct

11   Counsel for Plaintiff and Defendant have reviewed the Guidelines for Professional Conduct

12   for the Northern District of California.

13   ### 21. Other

14   The parties do not believe that there are any other matters that may facilitate the just, speedy,

15   and inexpensive disposition of this matter at this time.

16

17

18

19                                 ORRICK, SUTCLIFFE & HERRINGTON

20

21

22   Dated: February 2, 2017              /s/ Michael Delikat
                                          _____
23                                        Michael Delikat
                                          Kenneth P. Herzinger
24                                        Renee B. Phillips
                                          Counsel for Defendant ORACLE AMERICA,
25                                        INC.

26

27

28

1

2

VELTON ZEGELMAN P.C.

3

4

5

Dated: February 2, 2017                    /s/ Daniel Velton

6                                                          Daniel Velton
                                                           VJ Chetty
7                                                          Attorneys for Plaintiff SVETLANA
                                                           BLACKBURN
8

9                      **ATTESTATION RE EELCTRONIC SIGNATURES**

10          I, Michael Delikat, attest pursuant to Civil Local Rule 5-1(i)(3), that all other signatories

11   to this document, on whose behalf this filing is submitted, concur in the filing's content and have

12   authorized this filing.  I declare under penalty of perjury under the laws of the United States of

13   America that the foregoing is true and correct.

14   DATED:  February 2, 2017                    By:_____/s/ Michael Delikat

15

16

17

18

19

20

21

22

23

24

25

26

27

28